Arthur Eddie SCHRAMECK, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-78-79.

Court of Criminal Appeals of Oklahoma.

May 22, 1979.

James S. Steph, Okmulgee, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., for appellee.

## OPINION

PER CURIAM:

Appellant, Arthur Eddie Schrameck, hereinafter referred to as defendant, was convicted of Robbery With Firearms—21 O.S.1971, § 801—in the District Court, Okmulgee County, in Case No. CRF–75–220. His punishment was set by the jury at eight (8) years' imprisonment. The sole assignment of error on appeal is that the District Attorney made improper remarks in his closing argument. The defendant contends that the prosecutor's comments prevented the jury from reaching an impartial verdict.

The passage of which the defendant complains is as follows:

"Why did they do that? [i. e. commit the crime] The only thing is, I was voluntarily drunk and I just don't remember. He never did tell directly, that, I didn't rob him. And he never did tell you, I didn't have this knife or this gun. He said, to the best of my recollection I didn't do it. To the best of my knowledge. But that is voluntary intoxication and that's no excuse. He says, my wife must have had the pistol and the knife in her purse. *Well, why don't they have his wife here to tell you that she had it? She's available to them—*

"MR. STEPH: If the Court please, I object to counsel's statement. May I approach the Bench?

"THE COURT: Come up.

(Whereupon, the following proceedings were had at the Bench and outside the hearing of the jury, to-wit:)

"MR. STEPH: Comes now the Defendant, and at this time objects to the statements of counsel in closing argument with regard to the Defendant's wife; and moves for a mistrial at this time.

"THE COURT: I will overrule and allow an exception. I don't think you should develop it, Mr. Webb.

"MR. WEBB: All right.

"MR. STEPH: He's already done the damage, if the Court please; we couldn't explain it, why should he?

"THE COURT: All right.

"MR. WEBB: They haven't subpoenaed him, and the law says we can't get her.

"MR. STEPH: Your Honor, I made my objection.

"THE COURT: Mr. Webb, I told you not to go into that or develop it.

"MR. WEBB: Can I mention the law won't let me put her on?

"THE COURT: No sir. That's why I told you at the Bench.

"MR. STEPH: I ask the Court to admonish you have instructed the jury he has to be judged on his own.

(Whereupon, the following proceedings were had in open court, to-wit:)

"THE COURT: Ladies and gentlemen, at this time the Court instructs you that you are not to consider the remark that Mr. Webb made that the Defendant's wife was available and was subject to being subpoenaed. That doesn't have anything to do with this lawsuit, and you're not to consider that in any way.

"Go ahead, Mr. Webb." [Tr. 114–116].

After the jury had retired, the defendant renewed his motion for a mistrial. The court made the following ruling:

"THE COURT: I have overruled it previously, Mr. Steph. At the time I overruled it, I admonished Mr. Webb not to go into

it, and I was most unhappy when he continued to consider it. Frankly, I don't know what affect it will have on it. I again overrule your motion for a mistrial and allow an exception. And frankly, I think it puts the status of the case in somewhat of a precarious position; . ." [Tr. 120].

Under the facts of the instant case, the prosecutor's argument could not be considered fair comment. As the State concedes in its brief, the defense was based on the claim that the defendant's wife could have committed the crime while the defendant was in a drunken stupor. And therefore his wife was not available to testify, as the prosecutor asserted, for to force her to testify could have been a violation of her constitutional protection against self-incrimination.

Clearly the trial Judge was aware of the problem, and he attempted to cure the error with an admonishment. However, after a careful reading of the transcript we are not convinced that the error was cured. The evidence in the case is conflicting, not overwhelming. We cannot say with certainty that the verdict would have been the same had the improper comment not been made. For that reason the conviction must be Reversed and Remanded to the District Court for a new trial.